UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
Anthony M. Floyd                                Chapter 7
aka Anthony Marquis Floyd
aka A. Marquis Floyd
        Debtor                        Case No. 05-24385

---

Sheriden Woods Health Care Center, Inc.)       Adversary Proceeding
        Plaintiff      )       No. 06-2009
    v.             )
Anthony M. Floyd         )
aka A. Marcus Floyd      )
        Defendant     )

## APPEARANCES:

Edward M. Rosenthal, Esq.
Rosenthal Law Firm, LLC, 12 North Main Street, Suite 10, West Hartford, CT 06107
**Counsel for Plaintiff**

John A. Barbieri, Esq.
18 Cedar Street, P.O. Box 1445, New Britain, CT 06050
**Counsel for Defendant-Debtor**

---

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**KRECHEVSKY, U.S.B.J.**

I.

Anthony M. Floyd ("the debtor") filed a Chapter 7 case on October 13, 2005. On January 17, 2006, Sheriden Woods Health Care Center, Inc. ("the plaintiff") filed a complaint ("the complaint") against the debtor asserting that the debtor's obligation

to the plaintiff is nondischargeable pursuant to Bankruptcy Code §523(a)(4) (debt "for ... embezzlement, or larceny" not dischargeable). The debtor appeared and, through counsel, filed, in effect, a general denial answer to the complaint. The plaintiff, on November 27, 2006, filed a motion for summary judgment ("the motion"), stating it is entitled to judgment as a matter of law. The motion asserts the debt "derives from a judgment the plaintiff obtained against the [debtor] in Connecticut Superior Court based on Conn. Gen. Stat. 52-564, treble damages for theft." (Motion at 1.) The debtor failed timely to respond to the motion.

II.

### BACKGROUND

As required, the plaintiff annexed to the motion a document entitled "Local Rule 56(a)1 Statement" ("the Statement") meant to set forth "a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." D.Conn. L.Civ.R. 56(a). The Statement, supported by 13 exhibits, includes the following facts. The plaintiff is a skilled nursing home located in Bristol, Connecticut. Since January 6, 2003, Elizabeth Floyd, the debtor's grandmother ("the grandmother") has been a resident at the nursing home under the Medicaid program and has been provided with full-time room, board, and medical care. The "Admission Agreement" (Exh. 8), dated January 6, 2003, under which the grandmother was admitted to the nursing home, was signed by the debtor on her behalf.

The grandmother's only sources of income are the payments she receives from Social Security ($925.50 per month) and a private pension plan ($68.77 per month), which sums are deposited electronically to the grandmother's personal checking

2

account. The debtor was the only person having access to this account. The Connecticut Department of Social Services ("the DSS") administers the Medicaid program in Connecticut, and determines how much of the cost of care at the plaintiff's facility is to be paid personally by a resident ("the applied income"). The plaintiff's financial services office advised the debtor on how much of the grandmother's income was to be turned over monthly to the plaintiff under the Medicaid program. Between August 2003 and October 2004, the debtor withdrew, and never replaced, monies from the grandmother's checking account solely for his personal benefit and failed to pay the plaintiff $13,787.10 for his grandmother's applied income during this period.

The plaintiff, on November 5, 2004, brought suit in state court against the debtor to recover the monies due it. The second count of such complaint sought triple damages pursuant to Conn. Gen. Stat. 52-564.[1] Paragraph 12 of the Statement asserts: "Thereafter, judgment was rendered against the debtor and in favor of the plaintiff in the amount of $43,636.40 plus costs by ... the New Britain Superior Court. Included within the judgment was [sic] treble damages of $41,361.51. The debtor appeared pro se in that lawsuit." Reference was made, inter alia, to Exhibit 4. Exhibit 4 is a copy of the state-court judgment for $43,636.40 and indicates it was entered on "11/15/05."

### III.

### DISCUSSION AND CONCLUSION

### A.

Summary judgment is appropriate when "there is no genuine issue as to

---

[1] Conn. Gen. Stat. §52-564 states that: "Any person who steals any property of another ... shall pay the owner treble his damages."

3

> any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). It is the movant's burden to show that no genuine factual dispute exists. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In reviewing a summary judgment motion, we must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor. See Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir.2003).
>
> Federal Rule of Civil Procedure 56 provides that if a non-moving party fails to oppose a summary judgment motion, then "summary judgment, <u>if appropriate</u>, shall be entered against" him. Fed.R.Civ.P. 56(e) (emphasis added) .... [I[n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's [Rule 56(a)1] statement. It must be satisfied that the citation to evidence in the record supports the assertion. Giannullo, 322 F.3d at 143 n. 5 (stating that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

Vermont Teddy Bear Co., Inc. v. 1-800-Beargram Co., Inc., 373 F.3d 241, 244 (2d Cir. 2004).

### B.

The overriding initial issue for determination is whether, as claimed by the plaintiff, the bankruptcy court is bound by the state-court judgment rendered November 15, 2005 ("the November judgment") and precluded, under the doctrine of collateral estoppel, from examining the merits of the plaintiff's claim. "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L.Ed.2d 210, 217 (1979). State law determines the preclusionary effect of a default judgment. In Connecticut, "[A] judgment of a court having jurisdiction of the parties and of the subject matter

4

operates as res judicata in the absence of fraud or collusion even if obtained by default, and is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as when rendered after answer and complete trial." Slattery v. Maykut, 176 Conn. 147, 157 (1978)

The filing of a bankruptcy petition "operates as a stay, applicable to all entities, of – (1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. §362(a)(1). Although not discussed in the plaintiff's papers submitted with the motion, the November judgment was obviously entered in the state-court proceeding approximately a month after the filing of the debtor's bankruptcy petition. It is well-settled law in this Circuit that a postpetition state-court judgment entered against the debtor is void ab initio when entered in violation of §362(a). See In re 48th Street Steakhouse, Inc., 835 F.2d 427, 431 (2d Cir. 1987) ("actions taken in violation of the stay are void and without effect"), cert. denied, 485 U.S. 1035 (1988); FDIC v. Hirsch (In re Colonial Realty Co.), 980 F.2d 125, 137 (2d Cir. 1992) ("even if creditor had no notice of stay, actions taken in violation of stay are generally void."). Thus this court may determine the plaintiff's motion based on the motion papers and not subject to the plaintiff's assertions of collateral estoppel.

## C.

After reviewing the plaintiff's submissions in support of the motion, the court concludes that the plaintiff cannot meet its burden of proof and that the motion must be denied. The law is uniform that "a creditor may successfully show that a debt is nondischargeable due to embezzlement only where it is the property of the creditor that

5

is misappropriated." Aristocrat Lakewood Nursing Home v. Dryja (In re Dryja), 259 B.R. 629, 632-33 (Bankr. N.D.Ohio 2001). The Statement, in ¶16, asserts that all funds deposited into the grandmother's checking account "belonged to" the grandmother. In Dryja, the plaintiff nursing home sued the niece of a nursing home resident for unpaid nursing home charges asserting the debtor's fraudulent transfers of money from her aunt's checking account created a nondischargeable debt pursuant, inter alia, to Bankruptcy Code §523(a)(4). That court concluded that that plaintiff did not establish that it held any property interest in the aunt's bank account. See also Florida Outdoor Equipment, Inc. v. Tomlinson (In re Tomlinson), 220 B.R. 134, 136 (Bankr. M.D.Fla. 1998) ("An embezzlement claim requires a showing that the property, allegedly embezzled by the defendant, was the property of the plaintiff."); Chapman v. Pomainville (In re Pomainville), 254 B.R. 699 (Bankr. S.D.Ohio 2000) (same); Chrysler First Commercial Corp. v. Nobel (In re Nobel), 179 B.R. 313 (Bankr. M.D. Fla. 1995) (same).

The court further notes that Conn. Gen. Stat. §52-564, by its plain language, grants treble damages only to "the owner" of stolen property.

The court denies the plaintiff's motion for summary judgment, and, exercising its discretion grants summary judgment to the debtor and dismisses the complaint. It is

SO ORDERED.

Dated at Hartford, Connecticut this 5th day of February, 2007.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE